UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:24-CR-19-KAC-JEM-6 |
| MISTY D. WALDEN, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION & ORDER**
**DENYING MOTION TO REVOKE DETENTION ORDER**

Before the Court is Defendant Misty D. Walden's "Motion for Revocation of Detention Order" [Doc. 138], which asks the Court to release her from custody on conditions under 18 U.S.C. § 3145(b). Upon de novo review, the Court denies Defendant's Motion because no condition or combination of conditions would reasonably assure the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(1).

## I. PROCEDURAL BACKGROUND

On March 19, 2024, Magistrate Judge Jill E. McCook ordered Defendant detained [Doc. 121]. The Court determined that the United States (1) proved by clear and convincing evidence that "no condition or combination of conditions of release w[ould] reasonably assure the safety of any other person and the community" and (2) proved by a preponderance of the evidence that "no condition or combination of conditions of release w[ould] reasonable assure the defendant's appearance" [*Id.* at 2]. The Court specifically concluded that Defendant poses a danger to the community and risk of flight based on the "[w]eight of evidence against" her; the fact that she is "[s]ubject to [a] lengthy period of incarceration if convicted;" her "[p]rior criminal history;" Defendant's "[h]istory of violence or use of weapons;" Defendant's "[h]istory of alcohol

or substance abuse;" Defendant's "lack of stable employment;" and Defendant's "[p]rior violations of probation, parole, or supervised release" [*Id.* at 2-3]. On April 2, Defendant filed the instant Motion, asking the Court to "revok[e] the Order of Detention" and release her on various conditions [Doc. 138 at 2-3]. In support, Defendant asserts that conditions requiring home confinement, attendance at inpatient treatment, drug testing and rehabilitation counseling; and the requirement to maintain full-time employment while living with a third-party custodian would be sufficient to secure her appearance and ensure the safety of the community [*Id.* at 2-3]. On April 5, the United States responded in opposition [Doc. 153]. On May 3, 2024, Defendant entered a plea agreement with the United States, in which she agrees that she conspired to distribute forty (40) or more grams of a mixture and substance containing a detectable amount of fentanyl [Doc. 184 at 1-3].

## II. ANALYSIS

If a magistrate judge orders a defendant detained pending trial, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the [detention] order." 18 U.S.C. § 3145(b). The district court generally reviews the magistrate judge's order de novo and may act without holding a further hearing. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013), *aff'd*, No. 13-6008 (6th Cir. Nov. 1, 2013). A second hearing is not necessary where, as here, the material information is already in the record from the initial detention hearing [*See* Doc. 138 at 1 (Defendant relies "on the arguments and proof presented at [the initial detention] hearing.")]. *See also* 18 U.S.C. § 3142(f); *United States v. Williams*, No. 20-CR-142, 2020 WL 6866404, at *2-5 (S.D. Ohio Nov. 23, 2020) (reviewing magistrate judge's detention order de novo without a separate hearing).

18 U.S.C. § 3142 governs the release or detention of a defendant pending trial. Where the United States moves for detention of a defendant charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 18 U.S.C. § 3142(f)(1)(C), the Court must determine whether any "condition or combination of conditions" will "reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community," *id.* at § 3142(e)(1), (f). The factors that the Court considers in determining whether to detain a defendant under Section 3142(e) are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

Under Section 3142(e)(2), the Court presumes (subject to rebuttal) that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" if "there is probable cause to believe that the [defendant] committed" a qualifying offense under the Controlled Substances Act. *See* 18 U.S.C. § 3142(e)(3)(A). A grand jury's indictment "by itself, establishes probable cause to believe that a defendant committed the charge." *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). And the Parties do not dispute that the presumption applies here [*See* Docs. 138 at 3; 153 at 1].

3

Case 3:24-cr-00019-KAC-JEM   Document 192   Filed 05/10/24   Page 3 of 7   PageID #: 400

To rebut the presumption, Defendant must "introduce at least some evidence" that she is not a flight risk and does not pose a danger to the community. *See Stone*, 608 F.3d at 945, 947 (noting that the defendant's burden of production is "relatively light"). Defendant proffered testimony that Charles Moore—Defendant's boyfriend—was willing to serve as a third-party custodian [Doc. 138 at 2]. Further, Defendant proffered evidence that she had been admitted into the Cornerstone of Recovery program, an inpatient treatment program followed by an outpatient treatment program [*Id.* at 3]. Defendant thereby satisfied her "relatively light" burden of production and rebutted the presumption [Doc. 121-1 at 1]. *See Stone*, 608 F.3d at 945, 947. Even so, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered." *Id.* (quotation omitted).

Ultimately, to warrant Defendant's detention pending trial, the United States "must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); *see* 18 U.S.C. § 3142(f) (addressing the United States's burden as to "the safety of any other person and the community"). The United States has met its burdens here. Each of the Section 3142(g) factors weighs in favor of detaining Defendant.

***First***, the nature and circumstances of the offense charged favor detention. The Indictment alleges that Defendant, along with more than a dozen co-defendants, conspired to distribute fentanyl for more than two (2) years, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [*See* Docs. 3 at 1-2; 3-6 at 2]. The Grand Jury charged Defendant with a serious offense involving a controlled substance that presents a great threat to the safety of the community. *See* 18 U.S.C. § 3142(g)(1). Fentanyl, even in small amounts, can be lethal, and there is probable cause to believe that Defendant conspired to distribute a significant amount of it for more than

4

two (2) years notwithstanding that she "was a mid-range or low-level participant in the conspiracy" [*See* Docs 3; 153 at 2]. *See Stone*, 608 F.3d at 945. In fact, Defendant has now agreed that she conspired to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl [*See* Doc. 184 at 1-3].

**Second**, Defendant's alleged conduct in this case underscores the danger that she represents. *See* 18 U.S.C. § 3142(g)(2). This factor "only goes to the likelihood that the defendant will pose a danger to the community and is not a pretrial determination of guilt." *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *2 (6th Cir. July 20, 2020). At the detention hearing, the United States proffered evidence describing Defendant's participation in the charged Fentanyl conspiracy [Doc. 153 at 2]. And at bottom, conspiring to distribute narcotics is inherently dangerous and Defendant's alleged participation in that conspiracy demonstrates the danger to the community that could result from her pretrial release. *See United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020).

**Third**, Defendant's history and characteristics likewise weigh in favor of detention. Defendant is thirty-six (36) years old and a "life-long resident of Harriman, Tennessee," but her past conduct is concerning [*See* Doc. 138 at 2; *see also* Amended Pretrial Services Report].[1] *See* 18 U.S.C. 3142(g)(3)(A). For example, she has been convicted of failing to appear in court three times, demonstrating her unwillingness or inability to comply with court orders [Amended Pretrial Services Report at 6-7, 10]. Defendant has multiple drug-related convictions, including four (4) convictions for either distributing controlled substances or the casual exchange of

---

[1] Information related to Defendant's criminal history is contained in the Amended Pretrial Services Report compiled by the United States Probation Office, made available to the Parties before Defendant's detention hearing, and on file with the Court. The United States Probation Office recommended that Defendant remain detained pending her trial.

5

controlled substances and for introducing drugs into a penal facility [*Id.* at 6 7, 11]. Moreover, Defendant has convictions for assault and a separate conviction for assaulting a law enforcement officer [*Id.* at 5-6]. And Defendant has a history of at least eight (8) probation violations that presents a concerning pattern of unwillingness to comply with terms of supervision [*Id.* at 3, 5-8]. Defendant's criminal history and conduct demonstrates her dangerousness. *See* 18 U.S.C. § 3142(g)(3)(A), (4). What is more, Defendant's extensive history of drug abuse—including using heroin, fentanyl, and methamphetamine the morning of her arrest—likewise concerns the Court [*See* Doc. 138 at 2-3; Amended Pretrial Services Report at 1]. *See* 18 U.S.C. § 3142(g)(3)(A). This past conduct raises serious doubts about whether Defendant would comply with any treatment the Court ordered her to participate in and other terms and conditions of release imposed by the Court. On balance, Defendant's history and characteristics favor detention. *See* 18 U.S.C. § 3142(g)(3)(A).

**Last**, Defendant's release would pose a danger to the community. *See* 18 U.S.C. § 3142(g)(4). As discussed above, Defendant's history before this case and her alleged conduct in this case demonstrate the risk of Defendant engaging in further violent, illegal activity. *See id.* This factor, therefore, supports detention. Weighing the pertinent factors, the United States has met its burden to show that no conditions or combinations of conditions of release would "reasonably assure" "the safety of any other person and the community." *See* 18 U.S.C. § 3142(e)(1), (f); *Hinton*, 113 F. App'x at 77. And although testimony at the detention hearing suggested that Defendant has a willing third-party custodian, possible employment, and a treatment opportunity, these are not adequate safeguards in these circumstances to ensure the safety of the community. *See* 18 U.S.C. § 3142(g)(3)(A). In fact, the evidence in the record indicates that these proposed conditions do not mitigate the risk of future illegal

6

behavior if Defendant is released on her proposed conditions [*See, e.g.*, Amended Pretrial Services Report at 3; Doc. 153 at 2-3]. Defendant's inherently dangerous conduct in this case coupled with her history and characteristics demonstrate the danger that she poses. *See* 18 U.S.C. § 3142(g).

### III. CONCLUSION

Considering the relevant factors de novo, no conditions of release would "reasonably assure" "the safety of any other person and the community." *See* 18 U.S.C. § 3142(e)(1). Accordingly, the Court **DENIES** Defendant's "Motion for Revocation of Detention Order" [Doc. 138]. Defendant shall remain detained.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge